1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  | NEWREZ LLC, et al.,              | No. 2:25-cv-00895-DC-JDP
12  |         Plaintiffs,               |
13  |     v.                            | ORDER *SUA SPONTE* REMANDING CASE
14  | KIMBERLY USSERY, et al.,          | TO SAN JOAQUIN COUNTY SUPERIOR COURT
15  |         Defendants.               | (Doc. Nos. 2, 4)
16

17     This matter is before the court on Defendant Kimberly Ussery's motion to proceed *in*

18 *forma pauperis* (Doc. No. 2) and motion for a temporary restraining order. (Doc. No. 4.) For the

19 reasons explained below, the court will *sua sponte* remand this case to the San Joaquin County

20 Superior Court due to a lack of subject matter jurisdiction and deny Defendant Ussery's motions

21 as having been rendered moot.

22                              **BACKGROUND**

23     On August 9, 2024, Plaintiff NewRez LLC d/b/a Shellpoint Mortgage Service

24 ("NewRez") filed an unlawful detainer action brought under California state law against

25 Defendant Ussery and Does 1 through 20 in the San Joaquin Superior Court, Case No. STK-CV-

26 LUDRF-2024-13395. (Doc. No. 1 at 8.)

27 /////

28 /////

1

1    On March 19, 2025, Defendant Ussery filed a *pro se* notice of removal to remove that
2 unlawful detainer action to this federal court, purportedly based on federal question jurisdiction.[1]
3 (*Id.* at 1.) Also on March 19, 2025, Defendant Ussery filed a motion to proceed *in forma pauperis*
4 and a motion for a temporary restraining order, specifically requesting a court order to prohibit
5 "[Plaintiff NewRez] from filing any further fraudulent documents, conducting another
6 foreclosure, or interfering with [Defendant Ussery's] lawful ownership of the subject property."[2]
7 (Doc. No. 4 at 4.)

## LEGAL STANDARD

9    "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*
10 *America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to
11 federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).
12 Removal to federal court is proper when a case filed in state court poses a federal question or
13 where there is diversity of citizenship among the parties and the amount in controversy exceeds
14 $75,000. 28 U.S.C. §§ 1331, 1332(a).

15    The party removing the action has the burden of establishing grounds for federal
16 jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051,
17 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599
18 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district
19 court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] Defendant Ussery has attempted unsuccessfully to remove this same action, San Joaquin County Superior Court, Case No. STK-CV-LUDRF-2024-13395, to this federal district court on at least two other occasions—on December 26, 2024, and again on March 4, 2025. *See Newrez LLC v. Ussery*, No. 2:24-cv-03698-TLN-CSK; *NewRez LLC v. Ussery*, No. 2:25-cv-00740-DJC-JDP. In both of those cases, the district court issued orders *sua sponte* remanding the action back to the San Joaquin Superior Court due to a lack of federal subject matter jurisdiction. *See Newrez LLC v. Ussery*, No. 2:24-cv-03698-TLN-CSK, 2025 WL 457816, at *2 (E.D. Cal. Jan. 10, 2025); *NewRez LLC v. Ussery*, No. 2:25-cv-00740-DJC-JDP, 2025 WL 719299, at *1 (E.D. Cal. Mar. 6, 2025).

[2] In Defendant Ussery's notice of removal and motion for a temporary restraining order, she incorrectly refers to herself as the plaintiff and incorrectly refers to Plaintiff NewRez as one of several Defendants. (Doc. No. 1, 4.) The court corrects these errors when quoting from Defendant Ussery's filings by using the correct title and party name in brackets.

Removal statutes are strictly construed against federal jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

"The presence or absence of federal-question jurisdiction that will support removal is governed by the 'well-pleaded complaint rule,' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). Under the well-pleaded complaint rule, federal courts look to "what necessarily appears in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citations omitted). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393; *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim or that a defense or counterclaim would arise under federal law.").

## ANALYSIS

In her notice of removal, Defendant Ussery seeks removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1 at 4.) Defendant Ussery states that at least seven federal statutes and provisions of the United States Constitution are at issue in this case, including "RICO violations, Fifth Amendment, 26 U.S.C. § 7201, violations of RESPA, TILA, FDCPA, [and] 15 U.S.C. 1692k." (*Id.*) However, upon review of Plaintiff NewRez's state court complaint, it is clear that this action is a straightforward unlawful detainer action predicated entirely on California state law. (*Id.* at 8–11.) No federal question is present in the state court complaint. (*Id.*); *see also Thawani v. Robertson*, No. 16-cv-03732-JCS, 2016 WL 4472986, at *1 (N.D. Cal. July 18, 2016), *report and recommendation adopted*, No. 16-cv-03732-WHA, 2016

WL 4436308 (N.D. Cal. Aug. 23, 2016) ("Unlawful detainer is a state law claim that does not implicate federal law."). Even if Defendant Ussery can assert a defense or counterclaim under federal law, "a case may not be removed to federal court on the basis of a federal defense" or a federal counterclaim. *Caterpillar, Inc.*, 482 U.S. at 393; *see also California*, 215 F.3d at 1015 (finding that under the well-pleaded complaint rule, defendant's probable assertion of a defense arising from federal law is "of no consequence to [the court's] jurisdictional determination"); *Vaden*, 556 U.S. at 70.[3]

Accordingly, the court finds that Defendant Ussery has not established this court has subject matter jurisdiction over this action based on federal question. Therefore, this court must remand this action back to the San Joaquin County Superior Court. *See CIC v. Villa*, No. 2:16-cv-08243-ODW-AS, 2016 WL 6808119, at *3 (C.D. Cal. Nov. 17, 2016) (remanding unlawful detainer action *sua sponte* and denying defendant's ex parte application for a temporary restraining order as moot where defendant failed to establish subject matter jurisdiction).

## CONCLUSION

For the reasons explained above:

1. Defendant Ussery's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED as having been rendered moot by this order;

2. Defendant Ussery's motion for a temporary restraining order (Doc. No. 4) is DENIED as having been rendered moot by this order;

/////
/////
/////
/////
/////

---

[3] The court notes that on February 20, 2025, Defendant Ussery filed a complaint in this court initiating a separate action concerning the same property, and in that action, she brings the same federal claims against Newrez LLC d/b/a Shellpoint Mortgage Servicing, Peak Foreclosure, Caliber Home Loans, and Mark Domeyer. *See Ussery v. Domeyer, et al.*, 2:25-cv-00594-DC-CSK, Compl., Doc. No. 1, (E.D. Cal. Feb. 20, 2025).

3. This matter is remanded to the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:   **March 20, 2025**                              _____
Dena Coggins
United States District Judge